Robert **FIELD**, Plaintiff–Appellant,

v.

Robert **ZIMMERMAN**; et al.,
Defendants–Appellees.

No. 06–35727.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 12, 2007.

Robert Field, Marcell, MN, pro se.

Dee Ann G. Cooney, Esq., Norman H. Grosfield, Esq., Grosfield Law Firm, Helena, MT, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Robert Field appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that defendants violated due process, equal protection, and state laws by denying his bid for a contract to transfer junk vehicles to a junk vehicle graveyard. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sanchez v. County of San Diego*, 464 F.3d 916, 920 (9th Cir.2006), and we affirm.

The district court properly granted summary judgment on Field's due process claim because Field failed to raise a genuine issue of material fact as to whether he had a legitimate claim of entitlement to the contract with Sanders County, or whether he was deprived of any other constitutionally protected liberty or property interest. *See Erickson v. United States*, 67 F.3d 858, 861 (9th Cir.1995).

The district court properly granted summary judgment on Field's equal protection claim because Field is not a member of a protected class. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir.2001).

The district court did not abuse its discretion in declining to exercise supplemen-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tal jurisdiction over Field's state-law claims because it "dismissed all claims over which it had original jurisdiction." *See* 28 U.S.C. § 1367(c)(3).

Field states in his opening brief that the district court clerk did not file all of the documents he presented to the clerk's office, but this contention is not supported by the record and argument. *See Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir.2001) ("Issues raised in a brief which are not supported by argument are deemed abandoned.").

**AFFIRMED.**